**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. EARL JOHNSON, | )<br>)<br>) | |
| Petitioner, | )<br>) | No. 13 C 5031 |
| v. | )<br>) | Judge Jorge Alonso |
| MICHAEL LEMKE, Warden,<br>Stateville Correctional Center, | )<br>)<br>)<br>) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Earl Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal convictions for first degree murder. Respondent has filed a motion to dismiss the petition as untimely. For the reasons set forth below, the Court grants the motion, dismisses the petition, and terminates this case.

**Procedural Background**

On January 9, 2004, Johnson was convicted of two counts of first degree murder. (Pet. at 1.) He was sentenced to two, consecutive, twenty-two-year prison terms. (*Id.*)

He appealed his convictions, arguing that they should be reduced to reckless homicide, and therefore his sentences should run concurrently. (*See* Gov't Ex. B, *People v. Johnson*, No. l-04-0127, at 1 (Ill. App. Ct. May 16, 2003).) On December 9, 2005, the appellate court affirmed his convictions and sentences. (*See id.*)

Subsequently, Johnson filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on November 29, 2006. (*See* Gov't Ex. C, *People v. Johnson*, No. 103388 (Ill. Nov. 29, 2006).) Johnson did not seek a writ of certiorari from the Supreme Court. (*See* Pet'r's Resp. Mot. Dismiss at 1.)

Johnson filed a petition for post-conviction relief, which the trial court dismissed as untimely. (*See* Gov't Ex. D, *People v. Johnson*, No. 1-09-3218, at 1 (July 31, 2012).) He appealed the dismissal, which was affirmed by the appellate court on July 31, 2012. (*See id.*)

**Discussion**

To be timely, a § 2554 petition must be filed, as relevant here, within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Johnson did not seek a writ of certiorari from the Supreme Court, his conviction became final when the time for doing so expired, *i.e.*, February 27, 2007, ninety days after the state supreme court denied his petition for leave to appeal. *See* S. Ct. R. 13 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *Smith v. Battaglia*, 415 F.3d 649, 652 (7th Cir. 2005) ("Smith's conviction became final on January 2, 1996, which was the time when his opportunity to file a petition for certiorari from the Illinois Supreme Court's decision denying leave to appeal expired."). Thus,

2

absent tolling, the limitations period for Johnson's petition expired on February 27, 2008, more than five years before he filed this petition.

There are three potential avenues for tolling in a § 2254 habeas case: (1) statutory tolling; (2) equitable tolling; and (3) actual innocence. Statutory tolling applies during "the time [in] which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction petition, like Johnson's, is not "properly filed." Thus, it does not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").[1]

Equitable tolling comes into play when the petitioner proves "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Because Johnson has demonstrated neither, equitable tolling does not apply.

That leaves actual innocence, which is the tolling doctrine Johnson invokes. Under that doctrine, the limitations period is tolled if petitioner "'persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A "'credible'" claim of actual innocence, the Supreme Court has said, "requires 'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324).

---

[1]This is true even when, as here, the state court both deems the petition untimely and rejects it on the merits. *See Pace*, 544 U.S. at 414 (citing *Casey v. Saffold*, 536 U.S. 214, 225-226).

Johnson contends that he satisfies this standard because deposition testimony of the detectives who witnessed his crimes casts doubt on whether he had the intent to kill the victims. (*See* Pet'r's Resp. Mot. Dismiss at 3-4.) Even if that is true, an issue the Court cannot decide because Johnson did not submit the testimony, it would not save his petition. "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because Johnson's purported new evidence would prove, at best, that he did not intend to kill his victims, not that he did not, in fact, kill them, it would not be a basis for tolling the limitations period for his § 2254 petition.

## Conclusion

For the reasons set forth above, the Court grants respondent's motion to dismiss Johnson's § 2254 petition as untimely [8], dismisses the petition, and terminates this case.

**SO ORDERED.**                                    **ENTERED: January 26, 2015**

_____
**HON. JORGE ALONSO**
**United States District Judge**